Kenneth McRae
c/o 13636 Ventura Boulevard, #246
Sherman Oaks, California 91423
Telephone: (562) 237-1987
Facsimile:  (562) 262-2700
kenneth.mcrae@mac.com

FILED  fee paid
2010 MAR 24 PM 2:35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

1/S Days
21 Days
Summons

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

KENNETH A. MCRAE,

　　　　Plaintiff pro se,

vs.

PINNACLE CREDIT SERVICES, LLC

　　　　Defendant

Case No.: CV10 2131 • DDP (Ex)

TRIAL BY JURY DEMANDED

## PLAINTIFF'S STATEMENT OF CLAIM

### STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Kenneth A. McRae.

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Los Angeles County, State of California. From here on Kenneth A. McRae, will be known as the Plaintiff.

Plaintiff respectfully submits Plaintiff's Statement of Claim upon Which Relief Can Be Granted.

```
3/24/2010 2:43:08 PM  Receipt #: 134530
        Cashier : KPAGE [LA 1-1]
Paid by: KENNETH A MCRAE
2:CV10-02131
2010-086900      5 - Civil Filing Fee(1)
Amount :                          $60.00
2:CV10-02131
2010-510000     11 - Special Fund F/F(1)
Amount :                         $190.00
2:CV10-02131
2010-086400       Filing Fee - Special(1)
Amount :                         $100.00
Credit card Payment : 0927 925186 / 350.0
0
```

**Statement of Claim**

The Defendant is a 3rd party debt collector, as such is governed under the law by the by The Fair Debt Collection Practices Act (FDCPA), 15 USC Section §1601, et seq. The Defendant is also governed under the law by The Fair Credit Reporting Act (FCRA), 15 USC Section §1681, et seq. The State of California abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA and 618 of the FCRA. The Plaintiff denies ever having any contractual agreement for credit, loans, or services relationship with the Defendant. *Any and all emphasis* employed herein, may be construed to have been added.

**<u>Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. What is in question, is whether the alleged debt was properly validated and if wrongful actions of the Defendants, in an attempt to collect and report the alleged debt to credit reporting agencies, violated the civil rights of the Plaintiff and the law as outlined in The Fair Debt Collection Practices Act, 15 USC Section §1601, et seq. and The Fair Credit Reporting Act (FCRA), 15 USC Section §1681, et seq.</u>**

On or about January 1st, 2010, the Plaintiff obtained a copy of his credit report from the major credit reporting agencies (TransUnion, Equifax, Experian, and Innovis). The Plaintiff saw that the Defendant is reporting negative information regarding alleged debts, allegedly owed to the Defendant. On or about January 18th, 2010, the Plaintiff contacted the Defendant via the US Postal Service, Certified Mail # <u>7008 2810 0002 1812 7829</u>, which was received by the Defendant on January 25th, 2010. In that written correspondence, the Plaintiff disputed the alleged debt and demanded that the Defendant validate the alleged debt by providing strict proof of the indebtedness. To date, the Plaintiff has not received any response from Defendant

pursuant to his request for validation, yet debt collection activity from the Defendant has continued. In addition, the Defendant has failed to update all of the Major Credit Reporting agency files to show that all accounts that the Defendant is reporting are in dispute.

**Count I**

The Defendant has violated Section 809, **Validation of debts [15 USC 1692g]** of the FDCPA by not providing Proof of the alleged debt as requested by the Plaintiff's letter of January 18th, 2010 and by continuous collection activity prior to validation of the debt.

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion there, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of original creditor, is mailed to the consumer by debt collector.

**Plaintiff demands judgment for $1000.00 for each of the above violations $4000.00**

**Count II**

The Defendant also violated the limited cease and desist sent to them via the United States Postal Service, Certified Mail # <u>7008 2810 0002 1812 7829</u>, which was received by the Defendant on January 25th, 2010. The Defendant contacted the Plaintiff by phone instead of US Mail.

**§ 805. Communications is connection with debt collection [15 USC 1692c]**

> (a) COMMUNICATIONS WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission

of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –

    (1) to advise the consumer that the debt collector's further efforts are being terminated.

    (2) to notify the consumer that the debt collector or creditor my invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specific remedy

If such notice from the consumer is made my mail, notification shall be complete upon receipt.

**Plaintiff demands judgment for $1000.00 for each of the above violations $1000.00**

**Count III**

Overshadowing. The communications from the Defendant to the Plaintiff discuss alleged amount owed and solicit easy methods to tender immediate payment, which overshadows the consumer warning.

  1996 U.S. Dist LEXIS 22555,

DEBRA TYCHEWICZ, Plaintiff v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

**Plaintiff demands judgment for $1000.00 for each of the above violations $1,000.00**

## Count IV

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

According to the Fair Credit Reporting Act, § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]

  (a) Duty of Furnishers of Information to Provide Accurate Information

    (1) Prohibition

      (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

      (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if

        (i) <u>the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and</u>

        (ii) the information is, in fact, inaccurate.

    (2) Duty to correct and update information. A person who

      (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

      (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency and corrections

to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency and of the information that remains not complete and accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer

reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**Plaintiff demands judgment for $1000.00 for each month the Defendant has failed to report the alleged account in dispute.**

The information reported by Pinnacle Credit Services on the Equifax credit report of March 5th, 2010 does not reflect that the account is in dispute. According to the Fair Credit Reporting Act, **§ 616. Civil liability for willful noncompliance** [15 U.S.C. § 1681n],

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian score of 574, a negative Equifax score of 575, and a negative TransUnion score of 607 as of this date. Plaintiff has been denied credit or at reasonable rates due to the negligent noncompliance actions and/or inaction's of the Defendant. Plaintiff has suffered injury in the form of Defamation of character.

THEREFORE, Plaintiff requests judgment against Defendant for damages of $150,000.00, plus cost, fees, and punitive damages as allowed by the court.

Defendant Pinnacle Credit Services has never obtained verification of the alleged account or

mailed/provided such verification to the Plaintiff.

WHEREFORE, the Defendant has violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, Plaintiff demands judgment in the amount of $40,000.00, plus all cost of this action, along with punitive damages in the amount of $150,000.00.

Respectfully submitted this 22nd day of March 2010.

By: _____
Kenneth A. McRae, Plaintiff, pro se
c/o 13636 Ventura Boulevard, #246
Sherman Oaks, California 91423
kenneth.mcrae@mac.com

## CERIFICATE OF SERVICE

I, Gary Mumford, do hereby certify that I am not a party to the cause herein, and that on March 23, 2010, I served the **PLAINTIFF'S STATEMENT OF CLAIM** upon each party or counsel named below by depositing in the United States mail, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with postage thereon fully pre-paid.

PINNACLE CREDIT SERVICES, LLC
7900 Highway 7, #100
Saint Louis Park, MN 55426

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Dated: 3/23/10

*Gary L. Mumford*
(signature)

*Gary Mumford*
Gary Mumford
928 S. Nestor Ave
Compton, CA 90220

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV10- 2131 DDP (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

KENNETH A. MCRAE

**DEFENDANTS**

PINNACLE CREDIT SERVICES, LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 340,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of the Fair Credit Reporting and The Fair Debt Collection Practices Act. Defendant failed to validate alleged debts, failed to mark reported trade lines in dispute

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 03/22/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Kenneth A. McRae
c/o 13636 Ventura Blvd., #246
Sherman Oaks, California 91423
Telephone: (562) 237-1987
Facsimile: (562) 262-2700
kenneth.mcrae@mac.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. MCRAE<br><br>PLAINTIFF, pro se<br>v.<br><br>PINNACLE CREDIT SERVICES, LLC<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 2131 DDP (Ex)<br><br><br>SUMMONS |

TO: DEFENDANT(S): PINNACLE CREDIT SERVICES, LLC, 7900 HIGHWAY 7, #100, ST. LOUIS PARK, MN 55426

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff, __KENNETH A. MCRAE__, whose address is __13636 VENTURA BLVD., #246, SHERMAN OAKS, CALIFORNIA  91423__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __3-24-10__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS